# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LARRY O'KEIFFE and ANGELA
MENZIES,

        Plaintiffs,

    v.

LEGACY HOME LLC., and LOVE
MBUNTCHA,

        Defendants.

C.A. No.: K23C-06-016 RLG

## ORDER

Submitted: October 1, 2025
Decided: December 23, 2025

Plaintiffs Larry O'Keiffe and Angela Menzies ("Plaintiffs") obtained an entry of default judgment against Defendants Legacy Home LLC. ("Legacy") and Love Mbuntcha ("Defendants") on June 27, 2025. The Court subsequently held an inquisition hearing on September 30, 2025 to determine the amount of damages. Plaintiffs and Plaintiffs' counsel were present at the hearing. No appearance was made by Defendants.

## I.    Legal Standard

"After a default judgment is ordered, an inquisition hearing is held to determine damages."[1] "The Court's findings on damages are based on a preponderance of the evidence," meaning "the side on which the greater weight of

---

[1] Patton v. Yancey, 2014 WL 4674600, at *1 (Del. Super. Sept. 22, 2014).

1

the evidence is found."[2]  "[T]he sole focus of inquisition hearings is the amount of damages owed to the plaintiff, which is determined by the . . . judge."[3]

## II.     Court's Determination of Damages

The Court heard the testimony of Ms. Menzies and reviewed evidence submitted by Plaintiffs' counsel at the inquisition hearing and in supplemental filings.  Based upon that evidence, it appears to the Court that Plaintiffs are entitled to $107,500 in damages for Defendants' failure to repay a loan Plaintiffs contracted with Defendants for renovations on real property, as well as attorney's fees.[4]  This total award is further outlined below.

### A.     Outstanding Loan Payment

The Court finds by a preponderance of the evidence that Defendants owe Plaintiffs $105,000 for outstanding payments on a loan.  Ms. Menzies testified that, in August 2021, Plaintiffs loaned Defendants $105,000 to complete renovations on real property located at 40 Maple Road in Dover (the "Property").[5]  Plaintiffs submitted into evidence a "Promissory Note" (the "Note"), signed by Ms. Mbuntcha

---

[2] Jagger v. Schiavello, 93 A.3d 656, 659 (Del. Super. June 5, 2014) (citation omitted).

[3] Id.

[4] The Court awards Plaintiffs the full amount of the Note and attorney's fees, with full credit to Defendants for any payments made to date.  Payments to date appear to total $3,200.

[5] Inquisition Hearing Audio Recording at 1:14, O'Keiffe and Menzies v. Legacy Home LLC and Mbuntcha, No. K23C-06-016 RLG, Court Recording Playback - For The Record (Sept. 30, 2025).

on August 26, 2021 as "sole member" of Legacy.[6] According to the terms of that Note, Defendants agreed to repay Plaintiffs the sum of $105,000, plus 25 percent interest, in full upon closing of the sale of the Property.[7] Ms. Menzies further testified she provided Ms. Mbuntcha an additional loan for $9,800 a few months later, which Plaintiffs expected to be repaid with the original loan when the Property sold.[8] The parties, however, did not execute a promissory note or any other contract for the additional $9,800.[9]

Although Ms. Mbuntcha repeatedly told Ms. Menzies the Property had not sold, Plaintiffs later discovered the Property, in fact, sold in April 2022.[10] Plaintiffs submitted into evidence a "Deed," signed by Ms. Mbuntcha as "Managing Member" of "Little River Landing, LLC."[11] That document outlined the Property was sold for $475,000 by Ms. Mbuntcha, acting on behalf of Little River Landing LLC, on April 1, 2022.[12]

---

[6] Pls.' Ex. 1 (Aug. 26, 2021).

[7] Id. at ¶¶ 1-2.

[8] Inquisition Hearing Audio Recording at 1:19, O'Keiffe and Menzies v. Legacy Home LLC and Mbuntcha, No. K23C-06-016 RLG, Court Recording Playback - For The Record (Sept. 30, 2025).

[9] Id.

[10] Id.

[11] Pls.' Ex. 3.

[12] Id.

Plaintiffs submitted into evidence a letter from Plaintiffs' counsel to Ms. Mbuntcha requesting repayment of the outstanding loan amount.[13] That letter outlined Defendants' failure to pay the $114,800 owed to Plaintiffs – the total for the original $105,000 loan plus the additional $9,800.[14] Despite multiple requests by Ms. Menzies – and Ms. Mbuntcha's repeated promises to repay the debt – Plaintiffs received no payments from Defendants from March 2020 through April 2025.[15]

Defendants made a payment of $500 to Plaintiffs in May 2025.[16] As of the date of the inquisition hearing, Defendants repaid a total of $3,200.[17] Defendants have not participated in this litigation at any point. Therefore, Plaintiffs' entitlement to the full amount of the Note stands unrebutted. While the Court finds Ms. Menzies credible, Plaintiffs provided no documentary evidence to support Plaintiffs' additional claim of $9,800.

---

[13] Pls.' Ex. 4 (Mar 2, 2023).

[14] Id.

[15] Inquisition Hearing Audio Recording at 1:25, O'Keiffe and Menzies v. Legacy Home LLC and Mbuntcha, No. K23C-06-016 RLG, Court Recording Playback - For The Record (Sept. 30, 2025).

[16] Id. at 1:28.

[17] Id.

## B. Attorney's Fees

Additionally, the Court finds an award of attorney's fees in the amount of $2,500 appropriate. The record reflects that Defendants failed to repay the full amount of the loan Plaintiffs provided at the closing of the sale of the Property, as agreed by the parties – and specifically permitted by the Note.[18] Further, according to Ms. Menzies's testimony, Ms. Mbuntcha repeatedly misrepresented the truth regarding the sale of the Property to Plaintiffs and repaid Plaintiffs a mere $3,200.[19]

Even if attorney's fees were not expressly permitted by the Note, this Court may award attorney's fees if the bad faith conduct of a party increases the cost of the litigation. Defendants have not participated in these proceedings. As such, the unrebutted testimony reveals non-payment of an outstanding debt against the backdrop of misrepresentation. Reasonable attorney's fees are appropriate and warranted.

## III. Conclusion

Defendants are ordered to pay Plaintiffs total damages in the amount of $107,500, as well as interest accruing at the rate outlined by the Note.

---

[18] Id. at 1:28.

[19] Id. at 1:19 and 1:28.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge


RLG/ds
_File & ServeXpress_
OC:   Prothonotary